**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter  **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Michal International Investment LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **FKA**  Yanai International Investment, LLC<br>**FKA**  Michal International Investment, LLC |
| 3. | Debtor's federal Employer Identification Number (EIN) | **04-3410813** |

| 4. | Debtor's address | **Principal place of business**<br><br>**c/o Arbel Capital Advisors**<br>**Attn: Daniel Sasson**<br>**4 Waverly Place**<br>**Lawrence, NY 11559**<br>Number, Street, City, State & ZIP Code<br><br>**Nassau**<br>County | **Mailing address, if different from principal place of business**<br><br><br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
|---|---|---|---|

| 5. | Debtor's website (URL) | |
|---|---|---|

| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Debtor **Michal International Investment LLC**     Case number (*if known*) _____
    Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | |    **5239** |

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor **Michal International Investment LLC**  
Name

Case number (*if known*) _____

| | | | |
|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor **See Attachment** | Relationship | |
| | District _____ When _____ | Case number, if known _____ | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No  
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Michal International Investment LLC**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 1, 2026**
MM / DD / YYYY

X _[signature]_
Signature of authorized representative of debtor

**Boaz Toshav**
Printed name

Title **Manager**

**18. Signature of attorney**

X **/s/ Mark L. Desgrosseilliers**
Signature of attorney for debtor

Date **February 1, 2026**
MM / DD / YYYY

**Mark L. Desgrosseilliers 4083**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 295-0191**    Email address **desgross@chipmanbrown.com**

**4083 DE**
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 4

Debtor **Michal International Investment LLC**  Case number (*if known*)
Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*)        Chapter  **11**

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Maradin LTD** | | | Relationship to you | **Affiliate** |
| District | **Haifa District Court, Israel** | When | **9/11/25** | Case number, if known | **24975-08-25** |
| Debtor | **MII Aviation Services LLC** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | | Case number, if known | |
| Debtor | **Moshe Yanai** | | | Relationship to you | **Member** |
| District | **Tel Aviv Magistrate Court, Israel** | When | **8/18/25** | Case number, if known | **72665-03-25** |
| Debtor | **Tel Aviv Executive Helicopters Israel Corp.** | | | Relationship to you | **Affiliate** |
| District | **Nazareth District Court, Israel** | When | **11/19/25** | Case number, if known | **68851-02-25** |

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 5

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Michal International Investment LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   **List of Equity Security Holders; Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **February 1, 2026**

X _/s/ signature_
Signature of individual signing on behalf of debtor

**Boaz Toshav**
Printed name

**Manager**
Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Michal International Investment LLC |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Scintilla Fund, LP<br>Maples Corporate Services Limited<br>PO Box 309, Ugland House<br>KY1-1104, Cayman Islands | Zack Keinan<br>zk@scintillafund.com | Loan | | $45,000,000.00 | unknown | unknown |
| Amos & Daughters Investments and Assets<br>c/o Boaz Ben Zur & Co.<br>Four Towers (Northern Tower), Fourth 28<br>Tel Aviv 6473925<br>Israel | Boaz Ben Zur<br>Boaz@bzlaw.co.il<br>+973-3-7155000 | Loan | Disputed | | | $20,166,833.92 |
| Avraham Neuman c/o Boaz Ben Zur & Co.<br>Four Towers (Northern Tower), Fourth 28<br>Tel Aviv 6473925<br>Israel | Boaz Ben Zur<br>Boaz@bzlaw.co.il<br>+973-3-7155000 | Loan | Disputed | | | $17,294,120.00 |
| Richter<br>c/o Boaz Ben Zur & Co.<br>Four Towers (Northern Tower), Fourth 28<br>Tel Aviv 6473925<br>Israel | Boaz Ben Zur<br>Boaz@bzlaw.co.il<br>+973-3-7155000 | Loan | Disputed | | | $15,053,846.72 |

Debtor **Michal International Investment LLC**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Shaked Partners II Fund LP** c/o Benowich Law, LLP 1025 Westchester Avenue West Harrison, NY 10604 | Sarah Benowich sbenowich@pearlcohen.com 646-878-0800 Leonard Benowich leonard@benowichlaw.com 914-946-2400 | Loan | Disputed | | | $7,500,000.00 |
| **Shahar Moses** c/o Boaz Ben Zur & Co. Four Towers (Northern Tower), Fourth 28 Tel Aviv 6473925 Israel | Boaz Ben Zur Boaz@bzlaw.co.il +973-3-7155000 | Loan | Disputed | | | $3,463,575.36 |
| **Dan Barnea** c/o Boaz Ben Zur & Co. Four Towers (Northern Tower), Fourth 28 Tel Aviv 6473925 Israel | Boaz Ben Zur Boaz@bzlaw.co.il +973-3-7155000 | Loan | Disputed | | | $3,089,515.84 |
| **Avner Sonino, Michal Sovino, Amit Andy, Tami Tauman** c/o Erdinast, Ben Nathan, Toledano Museum Tower Berkovitch St 4, Tel Aviv-Yafo, Israel | Almog Gil Or and Adv Noga Cohen Sadikler office@ebnlaw.co.il +972 3-777-0111 | Loan | Disputed | | | $2,250,000.00 |
| **Boston Executive Helicopters** Christopher R. Donovan, President 209 Access Road, Gate #3 Norwood, MA 02062 | christopherdonovan1@gmail.com | Wages | Disputed | | | $2,065,829.05 |
| **Avner Sonino, Michal Sovino** c/o Erdinast, Ben Nathan, Toledano Museum Tower Berkovitch St 4, Tel Aviv-Yafo, Israel | Almog Gil Or and Adv Noga Cohen Sadikler office@ebnlaw.co.il +972 3-777-0111 | Loan | Disputed | | | $2,000,000.00 |
| **Amit Andy, Adam Kalay, Yael Tauman** c/o Erdinast, Ben Nathan, Toledano Museum Tower Berkovitch St 4, Tel Aviv-Yafo, Israel | Almog Gil Or and Adv Noga Cohen Sadikler office@ebnlaw.co.il +972 3-777-0111 | Loan | Disputed | | | $1,000,000.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 2

Debtor **Michal International Investment LLC**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Avner Sonino, Michal Sovino, Yael Tauman Tami Tauman c/o Erdinast, Ben Nathan, Toledano Museum Tower Berkovitch St 4, Tel Aviv-Yafo, Israel** | **Almog Gil Or and Adv Noga Cohen Sadikler office@ebnlaw.co.il +972 3-777-0111** | **Loan** | **Disputed** | | | $875,000.00 |

# United States Bankruptcy Court
### District of Delaware

In re  **Michal International Investment LLC**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Moshe Yanai**<br>3 Antokolsky St.<br>Tel Aviv-Jaffa 6404420<br>Israel | | 50% | |
| **Rachel Yanai**<br>3 Antokolsky St<br>Tel Aviv-Jaffa 6404420<br>Israel | | 50% | |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the **Manager** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **February 1, 2026**

Signature *Boaz Toshav*

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### District of Delaware

In re   **Michal International Investment LLC**  
                   Debtor(s)

Case No.  
Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Michal International Investment LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 1, 2026**  
Date

**/s/ Mark L. Desgrosseilliers**  
**Mark L. Desgrosseilliers 4083**  
Signature of Attorney or Litigant  
Counsel for   **Michal International Investment LLC**  
**Chipman Brown Cicero & Cole, LLP**  
**Hercules Plaza**  
**1313 North Market Street, Suite 5400**  
**Wilmington, DE 19801**  
**(302) 295-0191 Fax:(302) 295-0199**  
**desgross@chipmanbrown.com**

**OMNIBUS WRITTEN CONSENT OF THE SOLE MANAGER OF**

**February 1, 2026**

The undersigned, being the sole manager (in each case, the "**Governing Body**") of MII Aviation Services LLC and Michal International Investments LLC (collectively, the "**Companies**" and each individually, a "**Company**"), in accordance with the laws of the state of such Company's jurisdiction of organization and the governing document of such Company, as amended, restated, supplemented or otherwise modified as of the date hereof, does hereby consent to, approve, and adopt the following resolutions:

**WHEREAS**, the Governing Body of each of the Companies has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, each Governing Body desires to approve the following resolutions;

**I.    CHAPTER 11 FILING**

**WHEREAS**, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders, and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "**Chapter 11 Petition**") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies as of the

date hereof (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (each a "**Bankruptcy Case**" and, collectively, the "**Bankruptcy Cases**"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that any officer of each Company or its sole member or sole manager, as applicable (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered, and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.   DIP FINANCING

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to have available post-petition debtor-in-possession financing (collectively "**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "**DIP Financing Orders**") to be provided by Scintilla Fund, LP (in such capacity, the "**DIP Agent**" and, together with the other lenders contemplated by the DIP Financing, the "**DIP Lenders**") pursuant to which the DIP Lenders have agreed to provide such Company with DIP Financing and use of cash collateral, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Financing and use of cash collateral, the DIP Lenders require that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Financing, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**"); and

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such

Company to (i) negotiate, execute, and deliver agreements for DIP Financing, (ii) pledge and grant liens on each of the respective Companies' assets as may be contemplated by or required under the terms of such DIP financing, (iii) execute, deliver, verify, and file, as applicable, or cause to be executed, delivered, verified, or filed, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate financing or any cash collateral usage contemplated hereby or thereby, (iv) consummate the transactions contemplated by the DIP Financing provided to the Governing Body of such Company, and (v) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Financing are hereby, in all respects, authorized, ratified, approved, and adopted by the Governing Body of each Company on behalf of such Company; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Financing; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Financing; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute, and deliver the DIP Financing and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Financing; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized, and directed, with full power of delegation, on behalf of and in the name of each Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

### III. RETENTION OF PROFESSIONALS

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of the Companies, to continue to retain and employ the

3

law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as general bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Cases and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of the Companies, and each of them, may or shall approve or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of each Company, to continue to retain (i) Arbel Capital Advisors LLC ("**Arbel**"), as the Companies' Chief Restructuring Officer; and (ii) Silver Birch Silver Birch Group, Inc., a Delaware corporation, and BA Securities, LLC, a Pennsylvania limited liability company (collectively, "**Silver Birch**") as investment banker to the Companies; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of each Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Cases to retain and employ other attorneys, accountants, and other professionals to assist in each Company's Bankruptcy Case on such terms as are deemed necessary, appropriate, or advisable; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of each Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain CBCC, Arbel, Silver Birch, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause each Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Cases or after to the extent appropriate and permitted in the Bankruptcy Cases, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of each Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate, or advisable, such payment to be conclusive evidence of their determination; and be it further

### IV.   GENERAL

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions, and other writings as they or any of them deem necessary, desirable, or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of each Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of each Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed, and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate, or advisable to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of, or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing

5

as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of each Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each Company, to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate, or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions.

IN WITNESS WHEREOF, the undersigned, being the sole manager of each of the Companies, have caused this Omnibus Written Consent to be executed as of the date first set forth above.

_____
Boaz Toshav, Sole Manager of MII Aviation Services LLC and Michal International Investments LLC